# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO: 3:20-MJ-00048-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CHAN TATE, JR., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's Motion for Revocation of the Magistrate Judge's Order of Detention. See Doc. No. 22. Having conducted a de novo review of the evidence, the Court agrees with the Magistrate Judge that no condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. Therefore, the Court orders Defendant detained pending trial.

**I.    BACKGROUND**

On February 2020, Magistrate Judge Cayer signed a criminal complaint, which found probable cause to believe that Defendant, along with co-defendant Ronald Garland: attempted Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a); and possessed a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). See Doc. No. 1. To supply probable cause, Special Agent Stephen Cuccaro of the Federal Bureau of Investigation submitted an affidavit. See id. at 2. The affidavit described an attempted robbery that occurred on February 11, 2020, at about 9:58 p.m., at a Jack in the Box in Charlotte, North Carolina. Id. There, a man in a black hoodie and pants approached an employee who was taking out the trash, grabbed the employee, and held a gun to their back, demanding entry into the store. Id. The employees refused to open the rear entrance, so the man moved to the side entrance, encountering an exiting customer.

Id. The man told the customer and the employee to get on the ground and empty their pockets, ultimately taking their wallets and fleeing. Id. at 3–4.

Shortly thereafter, Defendant was pulled over as he left Garland's home. Defendant was arrested, and officers searched his vehicle incident to the arrest. Id. at 4. Inside, they found two handguns, one of which appeared to be used in the attempted robbery of the Jack in the Box. Id. Officers subsequently interviewed Defendant and, after waiving his Miranda rights, he confessed that he had picked up Garland, drove him to the Jack in the Box to commit the robbery, and then drove him away from the scene. Id. Defendant also admitted that, although both firearms belonged to Garland, he stored them because Garland was a convicted felon. Id.

In preparation for a bail hearing, the United States Probation Office prepared a pre-trial report assessing Defendant's risk of non-appearance for trial and risk of danger to the community. See Doc. No. 8. As noted by Defendant, Probation determined that he posed a risk of non-appearance because of the seriousness of the offense charged and because of a lack of verifiable, legitimate employment. Id. at 6. Likewise, Probation determined that he posed a risk of danger because of the type of offense (i.e., robbery) and his criminal associations. Id. at 7.

Magistrate Judge Keesler held a bail hearing on February 19, 2020, determining Defendant should be detained pending trial. See Doc. No. 15. First, the magistrate judge found there was probable cause to believe Defendant committed an offense under Section 924(c), and thus, there was a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community. Next, he determined that Defendant failed to introduce sufficient evidence to rebut that presumption. Finally, he noted that the evidence was strong, Defendant was subject to a lengthy period of incarceration if convicted, and Defendant had a prior criminal history. Id. Defendant appealed to this Court.

## II. DISCUSSION

Under 18 U.S.C. § 3145(b), if "a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  Once such a motion has been filed, this Court conducts a de novo review of the magistrate judge's order and makes an independent determination of the propriety of pre-trial release.  See United States v. Stewart, 19 F. App'x 46 (4th Cir. 2001) (citing United States v. Rueben, 974 F.2d 580, 585–86 (5th Cir. 1992)).

Pre-trial detention "shall" be ordered where a "judicial officer finds that no condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required."  Stewart, 19 F. App'x at 48.  As to community safety, the Government must prove by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community.  See United States v. Salerno, 481 U.S. 739, 751 (1987).  As to the defendant's appearance, the Government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future proceedings.  See Stewart, 19 F. App'x at 48 (citing United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985)).

Here, there is probable cause to believe that Defendant committed an offense proscribed by 18 U.S.C. § 924(c).[1]  Thus, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as

---

[1] Contrary to Defendant's assertion otherwise, even after United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (en banc), the Fourth Circuit has held that aiding and abetting Hobbs Act robbery is a crime of violence.  See, e.g., United States v. Steward, 793 F. App'x 188, 190 (4th Cir. 2019).

required and the safety of the community." 18 U.S.C. § 3142(e)(3). To determine whether that presumption is rebutted, the Court must take into account the information available regarding:

> (1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Stewart, 19 F. App'x at 48; see 18 U.S.C. § 3142(g). Even where a defendant satisfies the burden of production, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court. The presumption remains as a factor because it is not simply an evidentiary tool for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." United States v. Risley, No. 1:17-CR-147, 2017 WL 2365240, at *2 (M.D.N.C. May 31, 2017) (quoting United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010)).

In accordance with Defendant's motion, the Court has conducted de novo review of the evidence, including the criminal complaint, the pre-trial report, a recording of the hearing before Magistrate Judge Keesler, and the parties' briefs. After review, the Court agrees with Magistrate Judge Keesler that pretrial detention is warranted in this case, as no condition or combination of conditions can assure Defendant's appearance as required or the safety of the community.

First, the Court cannot overstate the seriousness of the charged offense. Defendant is charged with participating in an attempted armed robbery and possessing a firearm in furtherance of a crime of violence. If convicted, Defendant could be imprisoned for up to twenty years. See 18 U.S.C. § 1951. The particular circumstances of the offense underscore its seriousness. Here, Defendant potentially aided in a robbery where a gun was held to the back of an innocent restaurant employee. Moreover, that employee and another innocent customer was forced on the ground and

4

robbed.  Accordingly, the seriousness of the charged offense, the potentially lengthy term of imprisonment, and the particular circumstances of the offense weigh heavily in favor of detention.

Second, the Government's evidence is quite incriminating.  Defendant has admitted to FBI agents that he drove Garland to commit the crime.  He likewise admitted that he knowingly stored firearms for Garland afterward because he knew Garland was a felon.  Defendant's own confession is "probably the most probative and damaging evidence that can be admitted against [her]."  United States v. Abdallah, 911 F.3d 201, 216 (4th Cir. 2018) (citation omitted).

Third, while Defendant has ties to the community, he also has an extensive criminal history.  Defendant makes much of the fact that many of these offenses are traffic-related, see Doc. No. 22 at 2, but he has also been imprisoned for carrying a concealed firearm either after or while consuming alcohol.  See Doc. No. 8 at 6.  The Court thus agrees with Magistrate Judge Keesler that this prior criminal history supports detention.  See Doc. No. 13 at 3.

Finally, as to dangerousness, the Court again emphasizes the seriousness of the fact that Defendant has allegedly participated in an armed robbery.  That fact, along with his other firearms-related offense, underscores the danger that Defendant might serve if he is released to the public.

In sum, having considered these factors alongside the Congressional presumption in favor of detention, the Court finds that no condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.  Therefore, Defendant's motion for revocation of detention is denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Revocation of the Magistrate Judge's Order of Detention, Doc. No. 22, is **DENIED**, and Defendant is ordered **DETAINED** pending further proceedings in this matter.

Signed: March 26, 2020

Max O. Cogburn Jr.
United States District Judge